IRWIN *et al.* v. MOUBRAY.

*(City Court of Brooklyn, General Term.* May 27, 1889.)

FACTORS AND BROKERS—COMMISSIONS—MISREPRESENTATIONS.

Where it appears that a vendor was not influenced by misrepresentations of his brokers as to the financial condition of the vendee, such misrepresentations do not constitute a ground for refusing to pay his brokers' commissions.

Appeal from trial term.

Action by George W. Irwin and another against Edward H. Moubray, for commissions as real-estate brokers. Defendant appeals from a judgment entered on verdict in favor of plaintiffs, and from an order denying his motion for a new trial.

Argued before VAN WYCK and OSBORNE, JJ.

J. T. Marean, for appellant.   F. A. Doyle, for respondents.

VAN WYCK, J.   Plaintiffs, brokers, at the request of the defendant, secured purchasers for his vacant lots. A contract was signed by the parties, but, being unsatisfactory to defendant, the next day another contract was executed and delivered, by the terms of which the price was $17,500, for which purchasers were to give their bond and mortgage on the lots. The vendor was to make a building loan of $10,000, for which purchasers were to give their bond and mortgage on the lots, the money to be advanced as the structure progressed. The purchasers were to give a bond satisfactory to vendor for the fulfillment of their contract. Such bond was given and accepted by vendor. The purchasers failed to fulfill their contract. The plaintiffs sue to recover the balance of their commissions. The defense is based on an alleged statement of plaintiffs to defendant, during the negotiations, that the purchasers had four or five thousand dollars in money, which was known to them to be untrue. The contention is that this was a breach of that good faith due from the broker to his principal which ought to relieve the vendor from his otherwise admitted obligation to pay commissions, even if the statement did not influence the vendor in the least, and even if vendor knew the purchasers had no money, and so uninfluenced by such statement, and with full knowledge of their financial condition, used and accepted the benefits of the services of the brokers. The principle upon which the maxim of *uberrima fides* is founded has never been stretched to the extent of rewarding the bad faith and dishonesty of the principal by relieving him from the obligation of paying commissions under such circumstances. The fact that to the second or final contract was added a clause requiring purchasers to give a satisfactory bond for the fulfillment of their contract, would tend to indicate that the vendor knew the actual financial condition of the parties; and, besides, one of the plaintiffs testified that the purchasers in his presence informed plaintiff of their condition in that respect. The court properly refused, on the conflict in the evidence relating to the circumstances surrounding this alleged misrepresentation, to charge without qualification that if plaintiffs made such statement, knowing the same to be untrue, they cannot recover. The court had already correctly instructed the jury on this point in his charge. For these reasons the judgment and order must be affirmed, with costs.

OSBORNE, J., concurs.